91 F.3d 153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary NEHUS, Plaintiff-Appellee,
v.
PAINEWEBBER INC., Defendant,
Rally's Hamburgers, Inc., current & former officers &
directors Burt Sugarman, Wayne Albritton, Donald
Moore, Charles Klausman, D. Randy Laney;
Giant Group, Ltd.,
Defendants-Appellees.
 No. 95-56663.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 15, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In this appeal, Gary Nehus contends that the district court erred by dismissing with prejudice his third-amended securities fraud complaint for failing to plead fraud with particularity, and alternatively, for failing to state a claim. We agree with the district court that Nehus failed to plead fraud with sufficient particularity and therefore affirm.
 
 
 3
 Securities fraud actions brought under section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), are subject to Federal Rule of Civil Procedure 9(b). In re Glenfed, Inc. Securities Lit., 42 F.3d 1541, 1545 (9th Cir.1994). Contrary to Nehus' contention, Rule 9(b) requires more than a short and plain statement. Rather, the complaint "must set forth what is false or misleading about a statement, and why it is false." Id. at 1548. Moreover, the complaint must explain why the disputed statement was false or misleading when made. Id. at 1549.
 
 
 4
 Nehus' third-amended complaint falls short of the requirements of Rule 9(b) in several ways. For example, the complaint includes conclusory allegations of false statements without specifically explaining how or why the statements were false when made. See, e.g., Third-Amended Complaint p 20-23. In addition, the complaint fails to identify properly the allegedly false or misleading statements. See, e.g., Third-Amended Complaint p 20, 29.
 
 
 5
 The district court also properly dismissed the complaint's remaining count. Because Nehus failed to plead a primary violation of securities law under section 10(b), he cannot plead secondary liability under section 20(a), 15 U.S.C. § 78t. See Paracor Finance, Inc. v. General Electric Capital Corp., 79 F.3d 878, 888 (9th Cir.1996).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3